**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL CENTER,<br>    Defendant. | No. 19-cr-10116-RGS |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION**
**FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)**

The government respectfully opposes defendant Michael Center's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Under 18 U.S.C. §3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances.  *See Dillon v. United States*, 560 U.S. 817, 824 (2010).  One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" if it finds "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id*.

A motion under § 3582(c)(1)(A) may be made either by the Bureau of Prisons ("BOP") or a defendant, but in the latter case only "after the defendant has fully exhausted all administrative rights to appeal a failure of [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*  Here, Center represents that he submitted a request on May 21, 2020, which was rejected on June 11, 2020.

I.       **The Statutory Exhaustion Requirements Under § 3582(c)(1)(A) Cannot Be Waived.**

The government does not dispute that Center's May 21, 2020 request for compassionate release satisfied the exhaustion requirement of § 3582(c)(1)(A).  Rather, the government takes issue with Center's alternate argument, that the statutory exhaustion requirements under § 3582(c)(1)(A) are waivable.

In contrast to a judge-made exhaustion doctrine, a statutorily created exhaustion requirement, such as the one in § 3582(c)(1)(A), cannot be waived.  *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("judge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions," while "statutory exhaustion provision[s] stand[] on a different footing" because "Congress sets the rules," and thus, "mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account"); *see also, e.g.*, *United States v. Muniz*, No. 16-cr-10170-MLW, 2020 WL 1898914, *1 (D. Mass. Apr. 16, 2020) (§ 3582(c)(1)(A) exhaustion requirements not waivable); *Cook v. Spaulding*, 433 F. Supp. 3d 54, 58 (D. Mass. 2020) (same).[1]

Center's reliance on cases holding otherwise is misplaced, as each relies on a Second Circuit decision interpreting a *judicially* created, rather than *statutory* exhaustion requirement.  *See United States v. Ramirez*, -- F. Supp. 3d --, No. 17-cr-10328-WGY, 2020 WL 2404858 (D. Mass. May 12, 2020) (relying on *United States v. Haney*, -- F. Supp. 3d --, No. 19-cr-00541-JSR, 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020), which in turn relied on *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019), even though *Barr* concerned a judicially created exhaustion requirement);

---

[1] *See also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (failure to exhaust under § 3582(c)(1)(A) "presents a glaring roadblock foreclosing compassionate release at this point"); *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020) (exhaustion under § 3582(c)(1)(A) is mandatory claims-processing rule that cannot be waived or forfeited if the government objects on that basis).

*United States v. Guzman Soto*, -- F. Supp. 3d --, No. 18-cr-10086-IT, 2020 WL 1905323 (D. Mass. Apr. 17, 2020) (finding exhaustion requirement waivable, citing *Haney*); *United States v. Pinkerton*, No. 15-cr-20045-3, 2020 WL 2083968, at *4 (C.D. Ill. April 30, 2020) (relying on *Haney* and *Guzman Soto*); *United States v. Feucht*, No. 11-cr-60025, -- F. Supp. 3d --, 2020 WL 2781600, at * 2 (S.D. Fla. May 28, 2020) (relying on *Barr*); *see also Barr*, 925 F.3d at 119 ("The exhaustion requirement under the [Controlled Substances Act] is . . . not jurisdictional . . . [and] not mandated by the statute.  Rather, it is a judicially-created administrative rule, applied by courts in their discretion").[2]

## II.     COVID-19, Without More, Is Not an Extraordinary and Compelling Circumstance.

In opposing Center's motion, the government does not minimize the risks COVID-19 presents.  Nor does the government dispute that, consistent with CDC's recently updated guidelines, Center faces an increased risk for severe illness from COVID-19 compared to someone in his 40s, but his risk is not as great as that faced by an inmate in his 60s or 70s.  CDC, "Who Is at Risk for Increased Illness: Older Adults," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed July 15, 2020).  Contrary to Center's contention, however, the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially

---

[2] Center suggests that enforcing the 30-day waiting period puts inmates at greater risk of contracting COVID-19.  But this contention ignores that Congress made compassionate release available only to elderly prisoners and those with "extraordinary and compelling" reasons for release, for whom "time usually will be of the essence," and "would make nearly every prisoner eligible to invoke 'irreparable harm' and eligible to jump the line of applications—making the process less fair, not more fair."  *Alam*, 960 F.3d at 835.

considering BOP's statutory role, and its extensive efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597 (citation omitted).[3]

### III.   The § 3553(a) Factors Weigh Against Reducing Center's Sentence.

When analyzing whether "extraordinary and compelling circumstances warrant . . . a reduction," the Court must consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A). As the government acknowledged in its sentencing memorandum, Center promptly accepted responsibility for his criminal conduct, appears genuinely remorseful, and is unlikely to reoffend. Nevertheless, his crime was serious and calls for a meaningful sentence—the sentence this Court imposed on February 24, 2020.

### CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Center's motion to reduce his sentence to home confinement.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Kristen A. Kearney*
ERIC S. ROSEN
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
KARIN M. BELL
STEPHEN E. FRANK
Assistant United States Attorneys

---

[3] The CDC does not identify seasonal allergies or a history of pneumonia as risk factors for COVID-19, but does suggest older adults receive recommended vaccinations for pneumococcal disease. CDC, "Who Is at Risk for Increased Illness: People of Any Age with Underlying Medical Conditions," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 15, 2020).

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: July 17, 2020                    */s/ Kristen A. Kearney*
                                        Kristen A. Kearney