UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10116-RGS

UNITED STATES OF AMERICA

v.

MICHAEL CENTER

MEMORANDUM AND ORDER ON
DEFENDANT'S EMERGENCY MOTION
FOR REDUCTION OF SENTENCE

July 19, 2020

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c). There is a recently enacted exception. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on the motion of the Director of the Bureau of Prisons or that of a defendant who has exhausted his prescribed administrative rights, may order a compassionate reduction of sentence: (1) on a finding of "extraordinary and compelling reasons"; or (2) on findings that apply to mostly elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community. Defendant Michael Center, who is in his

mid-5os, and who has served slightly more than half of his committed six-month sentence, does not fit the eligibility criteria that apply to the second statutory category of inmate.[1]

In his motion filed on July 14, 2020,[2] Center asks that his committed sentence be reduced to time served followed by home confinement because of the generalized threat of infection posed by the COVID-19 virus in a prison setting.  Although Center states that his medical history includes two bouts of pneumonia at some unspecified time in the past and a recurrent upper-

---

[1] Center is serving his sentence at the FCI Three Rivers, Texas, Satellite Camp, a minimum-security facility.  According to his motion, Center has been scheduled for transfer to a Residential Reentry Center (half-way house) on July 30, 2020, and has been given a presumptive release date of September 17, 2020.

[2] Center represents in his motion that he has exhausted his available administrative remedy by filing on May 21, 2020, a request for a reduction of sentence with the Bureau of Prisons, which has since been denied.  The court deems exhaustion to be a mandatory prerequisite to the exercise of its jurisdiction under the compassionate release statute.  *See United States v. Alam*, 960 F.3d 831, 833-835 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  The government does not disagree.  *See* Gov't Mem., Dkt # 60 at 2.  In light of this, Center's argument that the court should waive the procedural requirement is puzzling except to the extent that he may be under the mistaken impression that satisfaction of the requirement relieves him of the necessity of showing "extraordinary and compelling" reasons for release.  Def.'s Mot. Dkt # 55 at 7.

respiratory infection,[3] he is by all accounts, a healthy professional athlete.[4] His concern over the spread of Covid-19 (which has been particularly acute in Texas) is understandable and shared by the court.  But on balance, I agree with the government that this concern by itself is not "extraordinary and compelling."

While I am as concerned as any judge with the impact of COVID-19 on the prison population, unless society is to make the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those eligible for release from those who are not.  In setting the conditions that justify compassionate release, Congress made its best effort to provide judges with the tools needed to make these difficult and, at times, heart-wrenching decisions.[5]  Center does not meet the

---

[3] As the government, points out, neither of these medical conditions is identified by the Centers for Disease Control as a risk factor for Covid-19, particularly given the availability of a highly effective pneumonia vaccine for older adults.   Gov't's Mem. Dkt # 60 at 4 n.3

[4] Center also states that he has had an incident-free prison record, which the court has no reason to doubt (and would have expected nothing less).

[5] Congress, in addition to the quantitative criteria set out in 18 U.S.C. § 3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission.   I agree (as apparently does the government), that the § 3553(a) factors weigh in Center's favor as any risk of his reoffending is negligible.   However, the court took these fully into account in imposing what it considered a lenient sentence for Center's participation in a blatant bribery scheme from which he profited handsomely.

mandated eligibility criteria and, therefore, is not a candidate for compassionate release.

## ORDER

For the foregoing reasons, the Motion for an Emergency Reduction of Sentence is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Richard G Stearns</u>
UNITED STATES DISTRICT JUDGE